UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DUANE FRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-00423-TWP-DML |
| ) | |
| INDIANA DEPT. OF CORRECTION, ) | |
| ) | |
| Defendant. ) | |

**Entry Granting *In Forma Pauperis* Status,
Dismissing Complaint, and Directing Further Proceedings**

### I.     *In Forma Pauperis*

Plaintiff Duane Fry's ("Fry") motion for leave to proceed *in forma pauperis*, dkt. [3], is **granted**. The assessment of an initial partial filing fee is waived at this time because the plaintiff does not have the assets or the means to pay it. 28 U.S.C. § 1915(a)(4).

### II.     **Screening Standard**

Frye is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face. A claim has facial plausibility when

> the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Frye are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III. The Complaint

Frye alleges that he was deprived of his personal property, located in a padlocked property box, when he was moved to segregated housing. When he attempted to regain possession of his property, he was told that another inmate had moved into the cell and removed the property before prison officials could engage a locksmith to remove the padlock. Frye seeks as relief monetary damages to replace his lost personal property and an injunction to change Indiana Department of Correction policy regarding the removal of inmates' personal property.

The complaint has not named any "person" who is allegedly responsible for violating Mr. Fry's constitutional rights. The Indiana Department of Correction is not a person. The claim against the Indiana Department of Correction is **dismissed** because such claims are barred by the Eleventh Amendment to the United States Constitution, and the doctrine of sovereign immunity. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995).

Frye's claim would fail even if he had named an individual responsible for his alleged loss. His claim is brought pursuant to 42 U.S.C. § 1983. This statute creates a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994). Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19

(1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983).

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," but a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.").

Indiana's Tort Claims Act (Ind. Code § 34-13-3-1, *et seq*.) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."); *Zinerman v. Burch,* 110 S. Ct. 975, 983 (1990) ("Deprivation of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law . . . . The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."). Because Frye has an adequate state law remedy, the alleged deprivation of his property was not a constitutional violation. *Weaver v. Combs,* 2008 WL 4371342, *3 (S.D. Ind. 2008). The complaint fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

## IV. Dismissal of the Complaint

Frye's complaint must be dismissed for the reasons set forth above. Frye shall have **through March 26, 2018,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 2/21/2018

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DUANE FRY
873242
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only